JOHN A. REINHARD, JR., petitioner-appellant,

*v.*

LAURA E. REINHARD, respondent.

[Submitted March 21st, 1921.   Decided June 20th, 1921.]

The facts proven in this case *held* to entitle petitioner to an absolute divorce.

---

On appeal from a decree of the court of chancery dismissing a petition for divorce on the ground of adultery.

*Mr. Harry Unger,* for the petitioner-appellant.

*Mr. Herbert Parvin,* for the respondent.

PER CURIAM.

No question of law is involved in this case; the only controversy is as to the credibility and sufficiency of the evidence on behalf of the petitioner as showing facts entitling him to a

divorce on the ground of adultery, over the denial of respondent and evidence in her behalf.

The vice-chancellor to whom the cause was referred for trial held that the petitioner had not sustained the burden of proof; but we find ourselves constrained to take the other view.

Discussion of the details of the evidence would serve no good purpose. It is sufficient for present needs to say that we find entirely satisfactory evidence of desire and opportunity from which, under settled rules, infidelity will be inferred; opportunity, in the undenied facts that the defendant assisted the paramour in hiring lodging near her place of abode where she and he could conveniently meet; that she was introduced to the landlady as his wife and that the landlady paid no attention to her coming and going in consequence; desire, in the evidence of the petitioner, corroborated by his friend, as to what they saw through the window of the bungalow. This evidence the trial court rejected partly on account of what was considered its inherent improbability, partly because of some confusion in the testimony about weather conditions which, when resolved against the petitioner, brought in the testimony of respondent's witnesses that she was in their company at the time alleged. We are unable, however, to disregard the force of the detailed statements of those two eye-witnesses, substantially unshaken on cross-examination, especially in view of the acknowledged intimacy of defendant with the wife of the paramour, admittedly a common prostitute. The discrepancy, if there be one, about the weather conditions, is one of the details about which witnesses constantly differ in their testimony and is of no controlling force.

The answer alleged condonation, but any attempt at proof in that regard related to an earlier period and other accusations which we need not notice here.

We conclude that adultery was sufficiently proved and that petitioner is entitled to a divorce. Let the decree be reversed and the cause remanded to the court of chancery for proceedings in conformity with this opinion.

*For affirmance*—BERGEN, MINTURN, BLACK, KATZENBACH —4.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—9.